# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES L. HENDERSON, | ) | Bankruptcy Case No. 11-32236 EEB |
| TINA MARIE HENDERSON, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

_____

## ORDER DENYING CONFIRMATION
_____

THIS MATTER comes before the Court on the Debtors' Motion to Confirm Chapter 13 Plan and the Objection of the Chapter 13 trustee (the "Trustee"). The Court, having reviewed the pleadings, documents submitted, the arguments and the case law, hereby FINDS and CONCLUDES:

Debtors have filed two bankruptcy cases. They filed their first case under Chapter 7 on September 15, 2009 ("First Case"). On April 13, 2010, this Court entered an order discharging the Debtors. After discharge entered, Debtors moved to convert their case to Chapter 13, which this Court granted. No party requested to vacate the prior discharge order. Over the next year, Debtors tried, without success, to confirm a Chapter 13 plan. On August 26, 2011, the Court dismissed the Debtors' First Case for failure to file a timely amended plan. Approximately three weeks later, on September 19, 2011, Debtors filed their second bankruptcy case under Chapter 13 ("Second Case") and submitted a proposed Chapter 13 plan. The Trustee objects to this plan because it states that the Debtors will receive a discharge. The Trustee contends the Debtors are not eligible for a discharge because 11 U.S.C. § 1328(f)[1] prohibits a court from granting a discharge if the debtor received a discharge in a prior Chapter 7 case filed within the preceding four years. Debtors counter that, since their First Case was dismissed, it does not affect their right to receive a discharge in the Second Case, relying on § 349(a).

Section 1328(f) limits the ability of debtors to obtain successive discharges by filing multiple cases. It prohibits a debtor from receiving a discharge in Chapter 13 if that debtor has received a discharge in a Chapter 7 case filed "during the 4-year period preceding the [petition date]." 11 U.S.C. § 1328(f)(1). In this case, Debtors received a Chapter 7 discharge in their First Case. The First Case was filed on September 15, 2009, less than four years before they filed their Second Case on September 19, 2011. Consequently, this statute prohibits the Debtors from obtaining another discharge in the Second Case.

---

[1]       All references to "§" or "Section" shall refer to Title 11, United States Code, unless expressly stated otherwise.

On the other hand, § 349 specifically addresses the effect of a dismissal.  Subsection (a) states that, unless the Court orders otherwise, the dismissal of a case "does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."  11 U.S.C. § 349(a).  In reliance on this statute, Debtors contend that dismissal of their First Case should not bar them from discharging debts in the Second Case.

Admittedly, these statutes appear to be contradictory.  Fortunately, legislative history sheds light on Congress' intent in § 349(a):

> Subsection (a) specifies that unless the court for cause orders otherwise, the dismissal of a case is without prejudice. The debtor is not barred from receiving a discharge in a later case of debts that were dischargeable in the case dismissed. *Of course, this subsection refers only to pre-discharge dismissals.* If the debtor has already received a discharge and it is not revoked, then the debtor would be barred under § 727(a) from receiving a discharge in a subsequent liquidation case for six years . . . .

S. Rep. No. 95-989, at 48; *reprinted in* 1978 U.S.C.C.A.N. 5787, 5834 (emphasis added).  Other courts and commentators that have addressed this issue have similarly limited the effect of § 349(a) to *pre-discharge* dismissals.  *In re Baylies,* 114 B.R. 324, 325 (Bankr. D.D.C. 1990); *First State Bank & Trust Co. v. Bishop (In re Bishop),* 74 B.R. 677, 681 (Bankr. M.D. Ga. 1987); Collier on Bankruptcy ¶ 349.02 [2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  Applying this reasoning, if a debtor's case is dismissed prior to discharge, § 349(a) allows that debtor another opportunity to get the same debts discharged in a later case, absent certain extenuating circumstances.  *See Frieouf v. United States (In re Frieouf),* 938 F.2d 1099, 1104-05 (10th Cir. 1991) (court may order dismissal with prejudice as to future discharge of debts scheduled in the dismissed case under § 349(a) upon showing of bad faith conduct).  If a debtor's case is dismissed post-discharge, there is no need for a second opportunity because the debts have already been discharged.

This is both good news and bad news for the Debtors in this case.  The good news is the prior discharge that entered during their Chapter 7 case remains effective to discharge all dischargeable debts that existed at the time of the petition date of the First Case.  "The cases in which a Chapter 7 debtor's case was dismissed post-discharge uniformly hold that the dismissal had no automatic effect on the discharge."  *In re Bevan*, 2011 WL 2161737, at *3 (Bankr. N.D. Cal. May 31, 2011).  Nor did the Debtors' conversion to Chapter 13 in the prior case have the effect of revoking the discharge order.  *In re Sieg*, 120 B.R. 533, 535 (Bankr. D.N.D. 1990) ("Conversion . . . does not undo the effect of a previously granted discharge.").  Thus, a discharge is not necessary in the present case to address the debts that existed at the time of the filing of the First Case.

The bad news is that these Debtors are not eligible to receive a second discharge in this case.  Any debts that arose after the filing of the First Case (and any non-dischargeable debts from the First Case) may be addressed in the Debtors' plan, but the Debtors will not receive a discharge of these debts on completion of the plan, unless the debts have been paid in full.  For this reason, the Debtors should object to any filed unsecured claims that were previously discharged.[2]  Otherwise not only will the creditors holding these discharged claims receive something to which they are not legally entitled, but it will dilute the distribution to the unsecured creditors whose claims will not be discharged in this Second Case, with a corresponding increase in the Debtors' personal liability following plan completion.

For these reasons, Debtors are not eligible to receive a discharge in this case.  The Trustee's Objection to confirmation is SUSTAINED.  The Debtors' Motion to Confirm is DENIED.  Debtors shall file an amended plan within fourteen days from the date of this Order.

DATED this 6th day of June, 2012.

BY THE COURT:

_____
Elizabeth E. Brown
United States Bankruptcy Judge

---

[2]The Court refers to "unsecured debts," but technically the same reasoning would apply to secured debts as well.  The Debtors' personal liability on the secured debts (unless they were reaffirmed) was likely discharged in the prior case, but the liens were not.  To the extent the Debtors are attempting to retain property subject to liens, they may still need to include them in their Chapter 13 plan.

3